IN THE COUNTY COURT IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.

ALICIA EASTER,

    Plaintiff,

3:10-cv-446 J-32 MCR

v.

COLLECTO, INC. d/b/a EOS CCA,

    Defendant.

_____/

## COMPLAINT

NOW COMES the Plaintiff, ALICIA EASTER, by and through her attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant COLLECTO, INC. d/b/a EOS CCA, and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq. and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72.

### PARTIES

2. Plaintiff, ALICIA EASTER ("Plaintiff"), is an individual who was at all relevant times residing in the County of St. Johns, State of Florida.

3. At all relevant times herein, Defendant, COLLECTO, INC. d/b/a EOS CCA, ("Defendant") or ("COLLECTO") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to AT&T.

4. Defendant is a corporation that is authorized to do business in St. Johns County, Florida.

## JURISDICTION

5. This is an action seeking damages in excess of $5,000.00, but not to exceed $15,000.00, inclusive of attorneys' fees and court costs.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. COLLECTO

6. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7. Defendant is a debt collector that has made at least one attempt to collect an alleged debt from the Plaintiff on behalf of AT&T.

8. Defendant regularly collects debts for business entities such as AT&T.

9. In early January, 2010, Defendant and Plaintiff agreed to a tentative payment to be withdrawn on January 31, 2010. As a condition of making this tentative agreement, Plaintiff demanded that she be given the option of cancelling the payment with 48 hours notice if she did not have the money in her account to cover it. Defendant agreed to this stipulation and the payment was set up to be taken out.

10. On January 28, 2010, Plaintiff realized she was not going to have the money and contacted Defendant giving the required 48 hours notice.

11. Defendant told Plaintiff she was "too late" to cancel the payment and that they recommended she contact her bank to prevent the money from coming out.

12. Defendant's failure to abide by the agreement to make the payment tentative with a right to cancel, as well as Defendant's statement that it was "too late" to cancel the accounts were both deceptive practices and misleading statements.

13. On at least one occasion in the past year, Defendant's agent or employee accused Plaintiff of being a leech on society in general for her inability to pay the alleged debt.

14. On at least one occasion in the past year, Defendant threatened Plaintiff with criminal charges for the nonpayment of the alleged debt.

15. On at least one occasion in the past year, Defendant spoke with Plaintiff's father regarding Plaintiff's debt, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction.

16. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

   a. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including setting up a tentative post-dated check with Plaintiff under the expectation that Plaintiff would have the right to cancel the, then reneging on that promise in violation of 15 U.S.C. § 1692e(10);

   b. In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff in violation of 15 U.S.C. § 1692d(2);

   c. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to press criminal charges for nonpayment of debts in violation of 15 U.S.C. § 1692e(5);

   d. Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a

post-judgment remedy, communicating with a third party other than in the manner prescribed by 15 USC § 1692b in violation of 15 U.S.C. § 1692c(b);

e. Disclosing to a third party the existence of the debt allegedly owed by Plaintiff, including disclosing the debt to Plaintiff's father in violation of 15 U.S.C. § 1692b(2) & § 1692c(b); and

f. Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

17. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

18. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in her daily routine thus warranting an award of emotional and/or mental anguish damages.

WHEREFORE, Plaintiff, ALICIA EASTER, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST COLLECTO

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 in one or more of the following ways:

    a. Using profane, obscene, vulgar, or willfully abusive language in communicating with the Plaintiff in violation of Fla. Stat. §559.72(8);

    b. Claim, attempt, or threaten to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist in violation of Fla. Stat. §559.72(9); and

    c. Was otherwise deceptive and failed to comply with the Florida Consumer Collection Practices Act.

21. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ALICIA EASTER, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY***

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 South Flamingo Road, Ste. 656
Cooper City, FL 33330

(954) 212-2184
(866) 577-0963 fax

By: _____
Alex D. Weisberg, Esq.
FBN: 0566551