UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALICIA EASTER,

    Plaintiff,

v.                                        Case No.: 3:10-cv-446-J-32MCR

COLLECTO, INC. d/b/a/ EOS CCA,

    Defendant.
_____/

## DEFENDANT COLLECTO, INC. d/b/a/ EOS CCA'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, COLLECTO, INC. d/b/a/ EOS CCA ("COLLECTO"), by and through its undersigned attorneys, responds to the following paragraphs of the Complaint filed herein as follows:

### Preliminary Statement

1.    Admitted in part and denied in part. COLLECTO admits that Plaintiff brings this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a et seq. ("FDCPA") and the Florida Consumer Protection Practices Act, Fla. Stat. Section 559.72 ("FCCPA"). COLLECTO denies that it violated the FDCPA and the FCCPA, and denies any liability or wrongful conduct to the extent alleged in paragraph 1.

## Parties

2. No knowledge therefore denied.

3. Admitted that COLLECTO acts as a "debt collector" for purposes of the FDCPA. COLLECTO denies that it "held itself out …" inasmuch as there is no allegation as to whom it allegedly held itself out. [1]

4. Admitted that COLLECTO is authorized to do business in the state of Florida.

## Jurisdiction

5. COLLECTO admits the allegations in paragraph 5 for purposes of jurisdiction under 28 U.S.C. §1331, and denies the remainder of paragraph 5.

## Count I: Alleged Violation Of The FDCPA

6. COLLECTO incorporates its responses to paras. 1-5 of the Compliant as though the same were set forth above.

7. Admitted that COLLECTO is a debt collector for purposes of the FDCPA and has attempted to collect a debt from Plaintiff.

8. Admitted that COLLECTO acts as a "debt collector" for purposes of the FDCPA; the remainder of paragraph 8 is denied as phrased.

9. Denied.

10. No knowledge, therefore denied.

---

[1] There is no specific allegation that Plaintiff is a "debtor" for purposes of either the FCDPA or the FCCPA.

11 -18. Denied.

## Count II:  Alleged Violation Of The FCCPA

19.     COLLECTO incorporates its responses to paras. 1-5 and 6-18 of the Complaint as though the same were set forth above.

20-21.  Denied.

## Answer To Demand For Jury Trial

COLLECTO admits that plaintiff seeks a trial by jury.  COLLECTO denies that Plaintiff has a right to a jury trial in the absence of any viable claims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

One or more of Plaintiff's counts fail to state claims against COLLECTO upon which relief may be granted.

### Second Affirmative Defense

COLLECTO acted in good faith with respect to plaintiff and fully complied with the FDCPA and the FCCPA.

### Third Affirmative Defense

Pursuant to the FDCPA and the FCCPA to the extent that a violation(s) is/are established, any such violation(s) was/were not intentional and resulted from a *bona fide* error notwithstanding maintenance of procedures reasonably adapted to avoid such error.

### Fourth Affirmative Defense

COLLECTO affirmatively alleges that plaintiff cannot demonstrate willful conduct for the purposes of establishing any basis for statutory recovery or actual damages under the FCCPA. Further, without a causal relation between the alleged violation of the FCCPA and a harm, Plaintiff can not obtain award of actual damages.

### Fifth Affirmative Defense

COLLECTO affirmatively alleges that Plaintiff has not incurred any actual damages, including physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, injury to her reputation, emotional distress, out-of-pocket harm or other injuries justifying a claim for actual damages as a result of the conduct of COLLECTO.

### Sixth Affirmative Defense

COLLECTO affirmatively contends that it is not a violation of the FDCPA for a debt collector to contact third parties to procure information as set out in 15 U.S.C.

§1692b.  Provided that the debt collector does not disclose debt information, COLLECTO did not violate the FDCPA.  See paragraph 15 of the Complaint.

### Seventh Affirmative Defense

To the extent that plaintiff's claims are barred by applicable statute of limitation, COLLECTO does not waive applicable statutes of limitations upon any of the claims set forth in the Complaint and claims which could have been set forth in the Complaint.

### Eighth Affirmative Defense

Collecto affirmatively alleges that Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, injury to her reputation, emotional distress, out-of-pocket harm or other injuries justifying a claim for actual damages as a result of the conduct of COLLECTO.

### Ninth Affirmative Defense

Collecto affirmatively alleges that in the event that Plaintiff is able to adequately plead a violation of the FCCPA, her entitlement to statutory damages shall be capped at $1,000 per plaintiff, per action not per violation. *See* FCCPA.

## **Tenth Affirmative Defense**

Because the statute of limitations under the FDCPA is substantive, not procedural, Plaintiff's claims under the FDCPA are barred by the one-year statute of limitations from the date of the violation. *See* 15 U.S.C. §1692k

**WHEREFORE**, Defendant COLLECTO, INC. d/b/a/ EOS CCA respectfully requests that this Answer be deemed good and sufficient; that Plaintiff's Complaint be dismissed, with prejudice, at Plaintiff's cost; that pursuant to federal law, plaintiff be ordered to pay reasonable attorney's fees and costs incurred by COLLECTO, INC. d/b/a/ EOS CCA; and for all other general and equitable relief. If the Court should fail to dismiss this action, then COLLECTO, INC. d/b/a/ EOS CCA demands a trial by jury of all issues so triable.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Middle District Court of Georgia, by using the CM/ECF system which will send a notice of electronic filing to **Alex D. Weisberg, Esq.**, Weisberg & Meyers, LLC, 5722 South Flamingo Road, Suite 656, Cooper City, Florida 33330, by U.S. Mail this 10th day of June, 2010.

        **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

        s/Pamela Lynde Bower
        _____
        **Pamela Lynde Bower**
        Florida Bar No. 699713
        200 West Forsyth Street, Suite 1400
        Jacksonville, FL  32202
        Telephone:  (904) 358-4200
        Facsimile:  (904) 355-0019
        Attorneys for Defendant

25/294398.v1